IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 3:07cr65-WKW |
| | ) | |
| **RILEY TURPIN** | ) | |

## MOTION TO SUPPRESS SUGGESTIVE OUT OF COURT IDENTIFICATION

**COMES NOW** the Riley Turpin, by and through undersigned counsel, Kevin L. Butler, and moves to suppress and exclude from trial the suggestive out of court identification of the Defendant. In support of this motion the defendant states:

1) On or about March 24, 2005, Mr. Turbin was arrested in a shopping center parking lot (parking lot) by Phenix City Police officers. Mr. Turbin was arrested based upon a belief that earlier that night, Mr. Turbin had possessed a firearm and discharged the firearm into the Walton Game Room located at 1501 3rd Ave, Phenix City, AL (game room).

2) While Mr. Turbin was handcuffed, isolated and detained in the parking lot, the police officers brought several witnesses from the game room to the parking lot to view him. Several witnesses, who at best had only momentarily viewed the alleged shooter, identified Mr. Turbin, the only man in custody, as the person who had discharged a firearm into the game room.

3) If an identification is suggestive and unreliable, the identification must be suppressed. In assessing the reliability of an identification, the court is to view the totality of the circumstances. *Neil v. Biggers*, 409 U.S. 188 (1972); *United States v. Beale*, 921 F.2d 1412 (11th Cir. 1991). When reviewing the circumstances, the court is to consider the opportunity

of the witness to view the crime, the witness' degree of attention, the accuracy of a prior description, and the time between the crime and the identification. *Id.*

4) At a hearing, the evidence and testimony would show that in this case only one witness at the game room had a brief opportunity to view the alleged possession and discharge of a weapon into the game room. All other witnesses were inside the establishment and took cover when the firearm was discharged. The other game room patrons simply did not see the firearm discharged. Additionally, prior to the suggestive identification, the one witness who momentarily viewed the suspect could not describe him. The only time an identification was obtained is when Mr. Turbin was handcuffed, isolated and detained in the parking lot and presented to witnesses in a manner which was overly suggested.

5) The identification was therefore suggestive and the circumstances of the case show that any identification was unreliable.

For these reasons, the defense asks the March 24, 2005 out of court identification be suppressed.

Dated this 12th day of July 2007.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 3:07cr65-WKW |
| | ) | |
| **RILEY TURPIN** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138